AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **MICHAEL MATAYA** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:14CR00606-001JB** |
| | USM Number: **76940-051** |
| | Defense Attorney: **Jason Bowles, Retained** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **2 of Indictment**

☐ pleaded nolo contendere to count(s)  which was accepted by the court.

☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 152(2) | Bankruptcy Fraud, False Oaths | 05/18/2009 | 2 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .

☒ Count **s 1 and 3**  are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**May 27, 2015**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**August 24, 2015**
Date Signed

Defendant: **MICHAEL MATAYA**
Case Number: **1:14CR00606-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **24 months**.

**The Court has considered the Guidelines and, in arriving at its sentence, has taken account of the Guidelines with other sentencing goals.  Specifically, the Court has considered the Guidelines' sentencing range established for the applicable category of offense committed by the applicable category of Defendant.  The Court believes that the Guidelines' punishment is appropriate for this sort of offense.  Therefore, the sentence in this judgment is consistent with a guideline sentence.  The Court has considered the kind of sentence and range established by the Guidelines.  The Court believes that a sentence of 24 months reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, effectively provides the Defendant with needed education or vocational training and medical care, and otherwise fully reflects each of the factors embodied in 18 U.S.C. Section 3553(a).  The Court also believes the sentence is reasonable.  The Court believes the sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in the Sentencing Reform Act.**

☒ The court makes the following recommendations to the Bureau of Prisons:

    **Federal Correctional Institution La Tuna FSL, or camp, whichever offers the best educational program, if eligible.**

☐     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:
      ☐     at  on
      ☐     as notified by the United States Marshal.

☒     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      ☐     before 2 p.m. on
      ☒     as notified by the United States Marshal.
      ☐     as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this Judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev 12/10) – Sheet 3 – Supervised Release                                                                  Judgment - Page 3 of 5

Defendant: **MICHAEL MATAYA**
Case Number: **1:14CR00606-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1 year**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☐  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒  The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
☐  The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

AO 245B (Rev 12/10) – Sheet 3                                                                                           Judgment - Page 4 of 5

Defendant: **MICHAEL MATAYA**
Case Number: **1:14CR00606-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant is prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts**

**The defendant must provide the probation officer access to any requested financial information, personal income tax returns, authorization for release of credit information, and other business financial information in which the defendant has a control or interest.**

**The defendant is restricted from engaging in an occupation where the defendant may act in a fiduciary capacity .**

**The defendant must cooperate with the Internal Revenue Service and pay all taxes, past and present, including any interest and penalties owed.  The defendant must file timely, accurate, and lawful income tax returns, and provide proof of such filing to the probation officer as requested.**

**The defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

Defendant: **MICHAEL MATAYA**
Case Number: **1:14CR00606-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐   The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $265,830.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☐   In full immediately; or

B   ☒   $100.00  immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to the Mandatory Victim Restitution Act, it is further ordered that the Defendant will make restitution to Navajo Nation Oil and Gas Company in the amount of $256,884.77; Kevin McMahon in the amount of $1,203.40; Veronica Feagin in the amount of $840.00; Charles Mataya in the amount of $2,159.03; and Joyce Rivera in the amount of $4,742.80. Restitution shall be submitted to the Clerk of the Court, Attention Intake, 333 Lomas Boulevard, N.W., Suite 270, Albuquerque, New Mexico 87102, to then be forwarded to the victim(s).  the restitution will be paid with a lump sum of $27,000.00 within the first 60 days following sentence, and $950.00 or twenty percent of the Defendant's earnings monthly thereafter.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.